LEVER BROS., LIMITED, BOSTON WORKS v. SMITH.

(Circuit Court, D. Connecticut. January 16, 1902.)

No. 992.

1. TRADE-MARK—INFRINGEMENT—USE OF CHRISTIAN NAME—MANNER OF USE.
   Complainants and their predecessors for many years had expended large amounts of money in advertising their soap, designated "Wel-come" soap, the word being registered as a trade-mark. Defendant, a retail grocer, sold s ap made and put up for him by manufacturers. The labels thereon bore defendant's name, "Welcome A. Smith," the word "Welcome" above the "A. Smith," in much larger type, and so printed that the word "Welcome" alone appeared on the end of the package. Defendant objected to such wrappers before the present suit, and at his request the manufacturers changed the labels, so as to have his name in a single line in uniform type. The cakes of complainant's and defendant's soap differed in size and shape and in the wording of the labels. Complainant sued to enjoin further use of the word "Welcome." *Held,* that the use of the word "Welcome," segregated from the surname, or in larger type or letters than the surname, or so located as to admit the inference that the soap is Welcome Soap, manufactured by A. Smith, would be restrained.

2. SAME—COSTS.
   Defendant having discontinued the use of the objectionable labels, and the infringement thereby of complainant's trade-mark being of very limited amount, no costs will be allowed against him.

Archibald Cox, for complainant.
Brown & Perkins, for defendant.

TOWNSEND, District Judge. Final hearing on bill and answer raising question of infringement of the word "Welcome" as applied to soap. Complainant's predecessors were continuously engaged in the business of manufacturing and selling laundry soap from 1835 till 1897, when they assigned the same to complainant. In 1876 they applied the name "Welcome" to such soap; in 1881 they registered the word as a trade-mark. They have expended in advertisements of said soap from $20,000 to $40,000 or $50,000 a year continuously for 25 years, and soap bearing said name has become widely known as the soap of complainant's predecessors, and has been extensively sold throughout the Eastern states. Defendant has been for 32 years a retail grocer in Norwich, Conn. He has always handled laundry soaps, and for many years has made Welcome Soap his leading soap. He has always had soap made and put up for him by manufacturers, who originally, when he had a partner, affixed the firm name to the wrappers and soap, and, later, substituted therefor his name in full. In 1899 said manufacturers printed labels and stamped the soap with the word "Welcome" above the "A. Smith," in much larger type or letters, and so printed the wrappers that the word "Welcome" alone appeared on one end of the package. Defendant, before this suit was brought, objected to such wrappers, labels, and stamps, and ordered them changed. The wrappers on the soaps made and sold for defendant since 1899 have the name "Welcome A. Smith" in a single line in uniform type. The cakes of soap differ in shape from those of

complainant, and on one side thereof is stamped the word "Soap" or "Borax," simply, and on the other the word "Smith's" or "Welcome A. Smith's Best Extra." Upon these facts, complainant asks that defendant be enjoined from using the word "Welcome" on its cakes or packages of soap. The defendant invokes the application of the rule that a man is entitled to use his own name honestly, and especially where it is necessary for his protection. The decision of the case turns upon this question of necessity.

It may be assumed that the designation "Welcome" has been invested with a secondary meaning, whereby it indicates solely the manufacture of the complainant, and that defendant's use of his Christian name on wrappers and cakes prior to 1900 was an infringement of complainant's right. It is not clear, however, that every use by defendant of his name "Welcome" would be an infringement of said right. Defendant's contentions show that his position is a peculiar one. He asserts that the Christian name "Welcome" has been in his family since 1756; that he is better known as Welcome than as one of the Smith family; that "hardly any one in town knows me as Smith"; and that "Curtis, Davis & Co. have stolen my name and put it on their soap." His theory of the situation is illustrated by the various advertisements inserted in the local papers, one of which reads as follows:

"U. S. Circuit Court.

"Lever Bros. (makers of Welcome Soap) vs. Welcome A. Smith.

"New Haven, May 4th.

"Those Englishmen think they own my name. I had my name before they were born, and I will not put it on as poor appearing cake of soap as they are selling. If you want the best and handsomest cake of soap in the market, see that the cake and wrapper have my full name.

"Apr27d                                                Welcome A. Smith.

"Norwich Bulletin, Saturday, April 27, 1901."

He testifies that he caused this advertisement to be inserted in order "to exploit my own soap, and to call people's attention to the fact that I was being persecuted, and not prosecuted, and to sell soap to pay for the expenses."

I think the defendant has shown that the use of his Christian name may be necessary. The surname "Smith" does not identify an individual in a New England town; the Christian name Welcome is his Smith family name, and he may use it in his business, provided he uses it honestly. Chas. S. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 467, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769; Chemical Co. v. Meyer, 139 U. S. 540, 542, 11 Sup. Ct. 625, 35 L. Ed. 247. But the soap thus sold as his is not manufactured by him, but for him; he has no control over the labels and stamps which may be imposed upon him by unscrupulous manufacturers who are rivals in business of complainant; he has thus already been beguiled into a violation of the rights of complainant's predecessor; and it is not clear that without the restraining arm of the court he may not be again misled to his own and complainant's prejudice.

. An order may be entered for an injunction restraining the defendant from using the word "Welcome" segregated from the surname, or in larger type or letters than the surname, or so placed above the surname or otherwise so located as to admit the inference that the soap is Welcome Soap manufactured by A. Smith. In view, however, of the fact that prior to this suit defendant had discontinued the use of the more objectionable labels, and, further, in view of the limited amount of the present infringement, no costs should be allowed against defendant.